UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Chelsea Technologies, Inc., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Chelsea Technologies Group, et al., )<br>)<br>Defendants. )<br>_____ ) | Case No. 1:06cv01414<br>Judge: Reggie B. Walton |

## DEFENDANTS' MOTION TO DISMISS
## COUNTS III & IV OF PLAINTIFF'S COMPLAINT

Defendants Chelsea Technologies Group, Chelsea Technologies, Ltd., Chelsea Instruments, Ltd., Chelsea Environmental, Ltd., and Marine Acoustics, Ltd. ("**Chelsea UK**") move to dismiss Counts III (Fraud) and IV (Interference with Business Opportunity) of Plaintiff Chelsea Technologies, Inc.'s ("**Chelsea US**") Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons stated in Defendants' accompanying Memorandum, the Motion should be granted.

**WHEREFORE**, Defendants, Chelsea Technologies Group, Chelsea Technologies, Ltd., Chelsea Instruments, Ltd., Chelsea Environmental, Ltd., and Marine Acoustics, Ltd. respectfully pray that their Motion to Dismiss Counts III and IV be granted, that the Court enter an order dismissing each of those Counts with prejudice, and that the Court award to them such other and further relief as the Court deems to be just and proper.

Respectfully submitted,

Dated: August \_15\_, 2006

_____
Allen V. Farber (No. 912865)
James A. Barker, Jr. (No. 410974)
Gardner Carton & Douglas, LLP
1301 K Street, N.W.
Suite 900, East Tower
Washington, D.C. 20005
Telephone: (202) 230-5000

Counsel for Defendants
Chelsea Technologies Group,
Chelsea Technologies Ltd.,
Chelsea Instruments Ltd.,
Chelsea Environmental Ltd.,
and Marine Acoustics Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Motion to Dismiss Counts III & IV of Plaintiff's Complaint, with accompanying Memorandum and proposed Order, was served by first-class mail, postage prepaid, this \_15\_th day of August, 2006, upon Kenneth A. Lazarus, Lazarus & Associates, 1850 M Street, N.W., Suite 400, Washington, D.C. 20036, counsel for Plaintiff.

_____
Allen V. Farber

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Chelsea Technologies, Inc.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:06cv01414 |
| | ) Judge: Reggie B. Walton |
| **Chelsea Technologies Group, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
<u>COUNTS III & IV OF PLAINTIFF'S COMPLAINT</u>**

Defendants Chelsea Technologies Group, Chelsea Technologies, Ltd., Chelsea Instruments, Ltd., Chelsea Environmental, Ltd., and Marine Acoustics, Ltd. ("**Chelsea UK**") move to dismiss Counts III (Fraud) and IV (Interference with Business Opportunity) of Plaintiff Chelsea Technologies, Inc.'s ("**Chelsea US**") Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. The Motion should be granted.

**<u>STANDARD OF REVIEW</u>**

In ruling on a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations are to be taken as true and viewed in the light most favorable to the plaintiff. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Schuler v. United States</u>, 617 F.2d 605, 608 (D.C. Cir. 1979). Dismissal under Rule 12(b)(6) is not appropriate unless it "appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); see also, <u>Martin v. Ezeagu</u>, 816 F. Supp. 20, 23 (D.D.C. 1993).

However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor may legal conclusions benefit from the presumption of truthfulness. See id.

Independent of the Rule 12(b)(6) standard, Rule 9(b) applies a heightened pleading requirement of factual particularity for allegations of fraud. See Hite v. Leeds Weld Equity Partners, IV, LP, 429 F. Supp. 2d 110, 115 (D.D.C. 2006). In a pleading, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

## ARGUMENT

The Complaint fails to provide sufficient information to state a fraud claim under Rules 9(b) and 12(b)(6) in Count III. It also fails to state a claim on which relief can be granted in Count IV. These counts in the Complaint must therefore be dismissed.

### A.   COUNT III FAILS TO PLEAD FRAUD WITH SPECIFICITY OR TO INCLUDE ALL ELEMENTS OF FRAUD.

Chelsea US' attempt to plead a fraud claim in Count III of the Complaint suffers from a serious lack of specificity. Rule 9(b) requires that Count III be dismissed.

The Complaint also fails to allege all elements of fraud, and should be dismissed under Rule 12(b)(6) for failure to state a claim in any event.

The circumstances of an alleged fraud must be pleaded with particularity in order to place the defendants on "'notice of the claim, prevent[] attacks on his reputation where the claim for fraud is unsubstantiated, and protect[] against a strike suit brought solely for its settlement value.'" Burman v. Phoenix Worldwide Indus., Inc., 384 F. Supp. 2d 316, 324 (D.D.C. 2005) (quoting In re U.S. Office Prod. Sec. Litig., 326 F. Supp. 2d 68, 73 (D.D.C.2004)). Accordingly, to satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must plead the "'time, place and content of the false misrepresentations.'" Hite v. Leeds Weld Equity Partners, IV, LP,

429 F. Supp. 2d 110, 115 (D.D.C. 2006) (quoting Firestone v. Firestone, 76 F.3d 1205, 1211 (D.C. Cir. 1996)).  Furthermore, "[t]he particularity requirement of Rule 9(b) demands that the pleader specify what statements were made and in what context, when they were made, who made them, and the manner in which the statements were misleading." Intex Recreation Corp. v. Team Worldwide Corp., 390 F. Supp. 2d 21, 24 (D.D.C. 2005).

Here, Chelsea US has provided no meaningful detail to support the allegation that Chelsea UK defrauded it.  The Complaint merely alleges that Chelsea UK entered into an agreement with Chelsea US with "fraudulent intent," and Chelsea US relied to its detriment on alleged representations made by Chelsea UK.  See Compl. at ¶ 25.  However, Chelsea US fails to allege any facts regarding the "time, place and content" of Chelsea UK's alleged misrepresentations.  Chelsea US fails to state what fraudulent misrepresentation Chelsea UK allegedly made, who at Chelsea UK made the statement, when the alleged statement was made, and in what context.  Chelsea US does not offer any allegations detailing how the alleged misrepresentations were supposedly misleading.  The bald assertions made in Chelsea US' Complaint are not sufficient to satisfy the heightened pleading requirements of Rule 9(b).

Nor has Chelsea US even pleaded the elements of fraud to withstand a motion to dismiss under Rule 12(b)(6).  To support a claim of fraud, the plaintiff must establish facts that show "(1) a false representation (2) in reference to [a] material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken on reliance upon the representation." Calvetti v. Antcliff, 346 F. Supp. 2d 92, 100 (D.D.C. 2004) (quoting Brown v. Dorsey & Whitney, LLP, 267 F. Supp. 2d 61, 79 (D.D.C. 2003)).

As discussed, the Complaint does not allege any specific misrepresentations made by Chelsea UK.  Rather, the Complaint merely states that "Chelsea UK made representations that

Chelsea US would be compensated for its efforts." See Compl. at ¶ 25. The Complaint does not state how or if this statement was false or that Chelsea UK knew it was false when the statement was allegedly made. Furthermore, there is not factual support offered that any alleged representation made by Chelsea UK to Chelsea US was made with the intent to deceive Chelsea US. Having omitted to allege the elements of fraud, Count III must be dismissed for failure to state a claim.

Overall, Count III must be dismissed both for failure to plead fraud with particularity, as required by Rule 9(b), and, under Rule 12(b)(6), for failure to state a claim.

### B. COUNT IV FAILS TO STATE A CLAIM OF INTENTIONAL INTERFERENCE WITH BUSINESS OPPORTUNITY.

Count IV of the Complaint fails to allege each of the elements of intentional interference with business opportunity[1]. It is therefore inadequate as a matter of law.

In order to state a claim of tortious interference with prospective economic advantage under District of Columbia law, a plaintiff must show:

> (1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional interference inducing or causing a breach of termination of the relationship or expectancy, and; (4) resultant damage.

Bennett Enterprises, Inc. v. Domino's Pizza, Inc., 45 F.3d 493, 499 (D.C. Cir. 1995). To survive a motion to dismiss for intentional interference with prospective economic advantage, "a plaintiff must allege 'business expectancies, not grounded in present contractual relationships, but which are commercially reasonable to expect.'" Democratic State Comm. of the District of Columbia v. Bebchick, 706 A.2d 569, 572 (D.C. 1998) (quoting Carr v. Brown, 395 A.2d 79, 84 (D.C.

---

[1] In the Complaint, Plaintiff refers to Count IV as Interference with Business Opportunity. The most similar cause of action recognized by the District of Columbia courts is intentional interference with prospective economic advantage. Thus, Defendants rely on case law regarding intentional interference with prospective economic advantage in discussing Count IV of Plaintiff's Complaint.

- 4 -

1978)). Furthermore, "[a] general intent to interfere or knowledge that conduct will injure the plaintiff's business dealings is insufficient to impose liability." Rather, a plaintiff must make a "strong showing of intent" to disrupt ongoing business relationships. Domino's Pizza, Inc., 45 F.3d at 499. "'Motive or purpose to disrupt ongoing business relationships is of central concern in a tortious interference case.'" Genetic Systems Corp. v. Abbott Lab., 691 F.Supp. 407, 423 (D.D.C. 1988) (quoting Rickards v. Canine Eye Registration Foundation, Inc., 704 F.2d 1449, 1456 (9th Cir.1983)).

Chelsea US has failed to allege any commercially reasonable business expectancy. Chelsea US only makes one conclusory allegation that it "also developed other prospective purchasers on behalf of Chelsea UK." Compl. at ¶ 15. Chelsea US did not state who the other alleged prospective purchasers are or that Chelsea US could reasonably expect to do business with the alleged prospective purchasers. Furthermore, Chelsea US fails to show how or if Chelsea UK was even aware of the alleged prospective purchasers. Thus, Chelsea US has failed to provide factual support for the first two elements of its claim.

Even if Chelsea US could make a showing of commercially reasonable business expectancies or knowledge on the part of Chelsea UK, Chelsea US has failed to make a strong showing of intent by Chelsea UK to disrupt Chelsea US' business. At the very most, the facts alleged in the Complaint might support an inference that Chelsea UK chose not to do business with Chelsea US, which could have impacted Chelsea US' opportunities. However, nothing in the Complaint supports "more than the rankest speculation that [Chelsea UK] or anyone acting on its behalf harbored any ill motive or intent to disrupt" Chelsea US' prospective economic advantage. Domino's Pizza, Inc., 45 F.3d at 499. Absent such a showing of strong intent to

disrupt business expectancies, Count IV of Chelsea US' Complaint cannot survive a motion to dismiss.

Accordingly, Count IV of the Complaint for intentional interference with prospective economic advantage must be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, Counts III and IV of Plaintiff's Complaint must be dismissed.

Respectfully submitted,

Dated: August 15, 2006

_____
Allen V. Farber (No. 912865)
James A. Barker, Jr. (No. 410974)
Gardner Carton & Douglas, LLP
1301 K Street, N.W.
Suite 900, East Tower
Washington, D.C. 20005
Telephone: (202) 230-5000

Counsel for Defendants
Chelsea Technologies Group,
Chelsea Technologies Ltd.,
Chelsea Instruments Ltd.,
Chelsea Environmental Ltd.,
and Marine Acoustics Ltd.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Chelsea Technologies, Inc.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:06cv01414 |
| ) | Judge: Reggie B. Walton |
| **Chelsea Technologies Group, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

### ORDER

Upon consideration of Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Complaint, and any opposition thereto, it is, by the Court, on this ___ day of _____, 2006

**ORDERED** that Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Complaint be, and hereby is, granted and it is further

**ORDERED** that Count III (Fraud) and Count IV (Interference with Business Opportunity) of Plaintiff's Complaint be, and hereby are, dismissed with prejudice.

_____
The Honorable Reggie B. Walton
U.S. District Court Judge for the
District of Columbia

- 2 -

Copies to:

Allen V. Farber, Esq.
Gardner Carton & Douglas
1301 K Street, N.W.
Suite 900, East Tower
Washington, D.C. 20005
(202) 230-5154
Counsel for Defendants

Kenneth A. Lazarus
Lazarus & Associates
1850 M Street, N.W., Suite 400
Washington, D.C. 20036
Counsel for Plaintiff


DC01/ 511039.2