UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Chelsea Technologies, Inc.,** )<br>)<br>     **Plaintiff,**     )<br>)<br>v.                                    )<br>)<br>**Chelsea Technologies Group, et al.,** )<br>)<br>     **Defendants.**     )<br>_____ ) | Case No. 1:06cv01414<br>Judge: Reggie B. Walton |

### ANSWER TO COMPLAINT

Defendants, Chelsea Technologies Ltd., Chelsea Instruments Ltd., Chelsea Environmental Ltd., Marine Acoustics Ltd., and Chelsea Technologies Group (hereinafter collectively "**Chelsea**"), as and for their Answer to the Complaint, state as follows:

1. Chelsea presently lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Chelsea denies the allegations in Paragraph 2 of the Complaint, except admits the allegations in the second and third sentence thereof and admits that Defendants operate under a common management group, in accordance with the laws of the United Kingdom, and are privately held.

3. The allegations in Paragraph 3 of the Complaint call for a conclusion of law, as to which no response is required. In the event that further response may be required, Chelsea states further as follows. This matter has been removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia and jurisdiction is, accordingly, to be determined in accordance with applicable federal law.

4. The allegations in Paragraph 4 of the Complaint call for a legal conclusion as to which no response is required, except that Chelsea denies having caused tortious injury within the District of Columbia, denies having caused any injury to Plaintiff in the District of Columbia, and denies having violated Plaintiff's rights in any respect.

5. The allegations in Paragraph 5 of the Complaint call for a legal conclusion as to which no response is required.

6. Chelsea denies the allegations in Paragraph 6 of the Complaint, except admits the allegations in the first and third sentences in that Paragraph and admits that the individuals identified in the second sentence signed a representation agreement on behalf of the entities identified in the subject documents.

7. With respect to the allegations in Paragraph 7 of the Complaint, Chelsea states that the subject written agreement speaks for itself and is to be considered in its entirety, without portions thereof being taken out of context.

8. Chelsea denies the allegations in Paragraph 8 of the Complaint, except admits that, upon information and belief, Andrea Zappe resided in Canada and was engaged by and worked on behalf of Chelsea US and further that Ms. Zappe previously was engaged and worked on behalf of a commercial representative of Chelsea in Canada.

9. Chelsea denies the allegations in Paragraph 9 of the Complaint, except admits that Mr. Richard Burt traveled to the United States with respect to Chelsea's business interest and that, upon information and belief, Mr. Gale became aware of the referenced personal relationship.

10.   Chelsea denies the allegations in Paragraph 10 of the Complaint, except presently lacks information sufficient to form a belief as to the truth of the allegation that Ms. Zappe failed in her professional responsibilities, to the extent that she may have had any, to Chelsea US and presently lacks information sufficient to form a belief as to the truth of the allegation that Mr. Pavry was an agent of Chelsea US in London.

11.   Chelsea denies the allegations in Paragraph 11 of the Complaint, except admits that it timely and properly provided notice of termination of the referenced July, 2003 Agreement on or about July 27, 2005 and that that Agreement thereafter terminated in January, 2006.

12.   Chelsea denies the allegations in Paragraph 12 of the Complaint, except admits there was a meeting in London on July 27, 2005.

13.   Chelsea denies the allegations in Paragraph 13 of the Complaint, except admits that Dr. Phillips and Mr. Burt were together with Mr. Gale on October 19, 2005.

14.   Chelsea denies the allegations in Paragraph 14 of the Complaint, except admits that after notice of termination was provided in July 2005, Chelsea US engaged in some further activities based on the July 2003 Agreement prior to the time that Agreement terminated in January, 2006.

15.   Chelsea denies the allegations in Paragraph 15 of the Complaint.

16.   Chelsea denies the allegations in Paragraph 16 of the Complaint, except admits, upon information and belief, that Ms. Zappe's relationship with Chelsea US was terminated by Chelsea US.

17. Chelsea denies the allegations in Paragraph 17 of the Complaint, except admits that Mr. Burt told Mr. Gale that he and Dr. Phillips intended to be in Washington, D.C. on or about April 26, 2006 and would then meet with him, and further admits that Dr. Phillips did not, at that time, meet with Mr. Gale.

18. Chelsea restates and incorporates herein by reference its responses to Paragraphs 1-17 of the Complaint.

19. Chelsea denies the allegations in Paragraph 19 of the Complaint.

20. Chelsea denies the allegations in Paragraph 20 of the Complaint.

21. Chelsea restates and incorporates herein by reference its responses to Paragraphs 1-20 of the Complaint.

22. Chelsea denies the allegations in Paragraph 22 of the Complaint.

23. Chelsea denies the allegations in Paragraph 23 of the Complaint.

24. Chelsea restates and incorporates herein by reference its responses to Paragraphs 1-23 of the Complaint.

25. Chelsea denies the allegations in Paragraph 25 of the Complaint.

26. Chelsea denies the allegations in Paragraph 26 of the Complaint.

27. Chelsea restates and incorporates herein by reference its responses to Paragraphs 1-26 of the Complaint.

28. Chelsea denies the allegations in Paragraph 28 of the Complaint.

29. Chelsea denies the allegations in Paragraph 29 of the Complaint.

30. With respect to the Prayer for Relief, Chelsea denies all claims for damages by Plaintiff and denies that Chelsea US is entitled to the relief or any of the relief claimed.

31. Except to the extent specifically admitted herein, Chelsea denies the allegations in the Complaint.

### FIRST DEFENSE

The Complaint fails to state a claim against Defendants or any of them upon which relief may properly be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### THIRD DEFENSE

Plaintiffs are estopped from asserting or prevailing on their claims or any of their claims against the Defendants, or any of them.

### FOURTH DEFENSE

Plaintiff has failed to properly serve process in accordance with the requirements of law and the Court does not properly have jurisdiction over the persons of each of the Defendants, or any of them.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of frauds.

### SIXTH DEFENSE

Plaintiff's claims are barred by a failure of consideration.

## SEVENTH DEFENSE

Plaintiff's claims for fraud are barred and subject to dismissal as a result of Plaintiff's failure to plead with the specificity required under the applicable Rules.

## EIGHTH DEFENSE

Plaintiff is not entitled to recover punitive damages, there having been no conduct by Chelsea which gives rise to or provides a proper basis for punitive damages.

## NINTH DEFENSE

To the extent, if any, that Plaintiff asserts or purports to assert any claims arising under or relating to the July 2003 Agreement, those claims are barred by the terms of the Agreement and this Court does not properly have jurisdiction over such claims, jurisdiction being vested exclusively in the Courts of Justice of England.

**WHEREFORE**, Defendants, Chelsea Technologies Ltd., Chelsea Instruments Ltd., Chelsea Environmental Ltd., Marine Acoustics Ltd., and Chelsea Technologies Group respectfully pray that the Complaint as against each of them be dismissed with prejudice, that the Court award to them their attorney's fees, expenses, and costs, and that the Court award to each of them such other and further relief as the Court deems to be just and proper.

Respectfully submitted,

_____
Allen V. Farber (No. 912865)
James A. Barker, Jr. (No. 410974)
Rebecca A. Hirselj (No. 478239)
Gardner Carton & Douglas LLP
1301 K Street, N.W.
East Tower, Suite 900
Washington, D.C. 20005
Telephone: (202) 230-5000

Counsel for Defendants
Chelsea Technologies Group,
Chelsea Technologies Ltd.,
Chelsea Instruments Ltd.,
Chelsea Environmental Ltd.,
<u>and Marine Acoustics Ltd.</u>

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer to Complaint was served by first class mail, postage prepaid, on this 15th day of August, 2006, on Kenneth A. Lazarus, Lazarus & Associates, 1850 M Street, N.W., Suite 400, Washington, D.C. 200036, counsel for Plaintiff.

_____
Allen V. Farber

DC01/ 511042.1