UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHELSEA TECHNOLOGIES, INC.,** | : | |
| | : | |
| *Plaintiff,* | : | CASE No. 1:06CV01414 (RBW) |
| | : | |
| v. | : | [JUDGE REGGIE B. WALTON] |
| | : | |
| **CHELSEA TECHNOLOGIES** | : | **PLAINTIFF'S OPPOSITION TO** |
| **GROUP, ET AL.,** | : | **DEFENDANTS' MOTION TO** |
| | : | **DISMISS COUNTS III & IV OF** |
| *Defendants.* | : | **THE VERIFIED COMPLAINT** |
| | : | |

Plaintiff, Chelsea Technologies, Inc., by counsel, in opposition to Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Complaint, filed herein on August 15, 2006 (Doc. # 7) ("Motion to Dismiss"), submits as follows:

### I.   RELEVANT FACTS

1. Plaintiff, a U.S. (Maryland) corporation, filed a Verified Complaint initiating this case in the Superior Court of the District of Columbia on July 7, 2006. (Sup. Ct. Civil Action No. 0005182-06). The Verified Complaint alleges four causes of action against Defendants, four affiliated UK corporations and a related association, as follows: Breach of Contract; *Quantum Meruit*; Common Law Fraud; and Interference With Business Opportunity.

2. On August 9, 2006, Defendants removed the case to this Court. (Notice of Removal by Chelsea Technologies, et al., Doc. # 1).

3. On August 15, 2006, Defendants filed their Motion to Dismiss (Doc. # 7). They seek the dismissal of Plaintiff's fraud and interference claims pursuant to Rules 9 (b) and 12(b)(6) of the Federal Rules of Civil Procedure.

4. On August 15, 2006, Defendants also filed their Answer to the Complaint

(Doc. # 8).

## II.   LEGAL ARGUMENT

### A.   Standard of Review

The Rule 12(b)(6) motion for dismissal for failure to state a claim upon which relief can be granted is the descendant of the common law demurrer.  *See* De Sole v. United States, 947 F.2d 1169, 1178 n. 13 (4th Cir. 1991).  When a claim is challenged under Rule 12 (b)(6), the court must presume that all well-pleaded allegations are true, resolve all doubts and inferences in the pleader's favor and view the pleading in the light most favorable to the non-moving party.  *See* Albright v. Oliver, 510 U.S. 266, 267 (1994); Browning v. Clinton, 292 F.3d 235, 242 (D.C.Cir. 2002).  A claim may only be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because it fails to allege sufficient facts to support a cognizable legal claim.  *See* SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir.1996), *cert. denied*, 519 U.S. 1028 (1996).

Rule 9(b) of the Federal Rules of Civil Procedure provides a pleading rule, requiring that in averments of fraud, "the circumstances constituting fraud or mistake shall be stated with particularity."

### B.   Plaintiff's Fraud Claim is Adequately Pleaded

In their Motion to Dismiss, Defendants argue that Count III of the Complaint fails to plead common-law fraud with adequate specificity or to include all elements of fraud, and request that the claim be dismissed.  (Mot. To Dismiss, at 2-4).

No doubt that Rule 9 (b) of the Federal Rules of Civil Procedure requires a fair amount of

-2-

particularity or specificity in a fraud allegation.  One Circuit has helpfully suggested that it requires the pleader to fill-in "the first paragraph of any newspaper story" – the "who, what, when, where and how" of the alleged scheme.  DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990), *cert. denied*, 498 U.S. 941 (1990).  In D.C., the Rule requires the pleader to allege (1) the time, place, and contents of the false representations or omissions, and explain how they were fraudulent, (2) the identity of the person(s) making the misrepresentations, (3) how the misrepresentations misled the plaintiff, and (4) what the perpetrator gained from the fraud.  Firestone v. Firestone, 76 F.3d 1205, 1211 (D.C.Cir.1996).  If the facts necessary to plead fraud or mistake are peculiarly within the defendant's knowledge, a court may see fit to relax the particularity requirement somewhat, in favor of permitting discovery to proceed.  *See* In re Rockefeller Ctr. Props., Inc. Secs. Litig., 311 F.3d 198, 216 (3rd Cir. 2002).  In such circumstances, the pleader must still include adequate factual allegations to make the claim a plausible one.  (*Id.*)  It should also be noted that Rule 9(b) expressly provides that "[m]alice, intent, knowledge and other condition of mind of a person may be averred generally," in accordance with Rule 8.

Plaintiff submits that its Complaint, alleging common-law fraud against the Defendants, satisfies the above-described pleading requirements, as follows:

*First*, it is alleged that in London on July 27, 2005 and later, in Washington, D.C. on October 19, 2005, the President of Plaintiff corporation met with the Managing Director (equivalent of president) and another named officer of Defendant corporations and association, and entered into a contract whereby Defendants agreed to pay Plaintiff a ten percent commission on North and South American sales of certain of Defendants' products (identified in the

Complaint), in exchange for Plaintiff's pledge of marketing assistance with respect to the products. (Complaint at ¶¶ 6, 12-13, 24-25). The representations of Defendants' officers were fraudulent inasmuch as they were made with an intent on the part of Defendants' officers to renege on their commitments and for the sole purpose of obtaining the marketing assistance of Plaintiff. (*Id.* at ¶ 25).

*Second,* as referenced *supra,* the persons making the fraudulent misrepresentations are identified in the Complaint -- Dr. Brian Phillips, Managing Director of Defendant corporations and association, and Dr. Richard Burton, an officer of Defendant corporations and association. (*Id.* at ¶¶ 6, 12-13, 24-26).

*Third*, Plaintiff's President, Timothy Gale, was mislead by the fraudulent misrepresentations in that he believed that Plaintiff would be compensated for its efforts in obtaining valuable business for Defendants in the United States. (*Id.*)

*Fourth,* by its fraud, Defendants have gained valuable business, including, but not limited to, a sale to EDO Corporation on February 21, 2006, in the amount of $445,500.00. (*Id.* at ¶¶ 14-15).

Plaintiff also submits that it has adequately pleaded facts setting forth the basic elements of common-law fraud, in compliance with Rule 12 (b) (6) of the Federal Rules of Evidence. The common-law elements of fraud are: (1) false representation or omission; (2) in reference to material fact; (3) knowledge of its falsity by person making it; (4) intent to deceive; and (5) detrimental reliance by the person deceived. Williams v. WMX Technologies, Inc., 112 F.3d 175, 177 (5th Cir. 1997), *cert. denied*, 522 U.S. 966 (1997); Calvetti v. Antcliff, 346 F.Supp.2d 92, 100 (D.D.C.2004); Brown v. Dorsey & Whitney, LLP, 267 F.Supp.2d 61, 79 (D.D.C.2003).

Plaintiff submits that its Complaint alleges each of the elements necessary to state a cause of action for common-law fraud, as follows:

*First,* the alleged false representation consisted of Defendants' representations that they would honor their commitment to pay to Plaintiff earned commissions, while intending not to do so. (Complaint, ¶¶ 6, 12-13, 24-26).

*Second,* the representation that Defendants would pay, or omission to indicate that they would refuse to pay, constituted a material fact relevant to the alleged contract. (*Id.*)

*Third*, Plaintiff has alleged that Drs. Phillips and Burton knew, at the time they pledged to honor their commitment, that they did not intend to do so. (*Id.*)

*Fourth,* Plaintiff has alleged an intent to deceive on the part of the officers of Defendant corporations and association. (*Id.*)

*Fifth,* Plaintiff has alleged that it relied, to its detriment, upon the representation of Defendants, by providing valuable marketing assistance (*Id.*)

The Court should note that many of the details of Defendants' fraud are peculiarly within Defendants' knowledge and can be brought to light only through discovery. Further, the Court should note the pleading tension between fraud which is covered by Rule 9(b) and intent which is not. *See, e.g.*, Wight v. Bankamerica Corp., 219 F.3d 79 (2d Cir.2000) (although actual fraud must be alleged with particularity, the intent of the perpetrator need not be alleged with specificity); Chill v. General Elec. Co., 101 F,3d 1541 (a plaintiff realistically cannot be held to allege a defendant's actual state of mind). Plaintiff has clearly pleaded facts which give rise to a "strong inference of fraudulent intent." *See* Campaniello Imports, Ltd. v. Aporiti Italia S.p.A, 117 F.3d 655 (2d Cir.1997); In re Burlington Coat Factory Sec. Lit., 114 F.3d 1410, 1418 (3d

Cir.1997) (requisite inference of fraud may be shown either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness).

### C.  Plaintiff's Interference Claim Is Well-Lodged

In their Motion to Dismiss, Defendants argue that Count IV of the Complaint fails to allege each of the elements of the tort of intentional interference with business opportunity ("Interference").  (Mot. To Dismiss at 4-6).  Thus, they seek dismissal of Count IV, pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure. (*Id.*)

Rule 8 of the Federal Rules of Civil Procedure establishes the "notice" pleading protocol for the federal courts, i.e., as long as a pleading provides the adverse party with fair notice of a claim, federal courts will not construe the pleadings hypertechnically.  *See* Rule 8 (f); Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002) (plaintiff need only notify defendant of his claim and the general ground upon which that claim rests); Atchinson v. District of Columbia, 73 F.3d 418, 421-22 (D.C.Cir.1996) (a complaint is adequate if the opponent is able to formulate a response thereto; a pleading need not allege all that plaintiff must eventually prove)  Minger v. Green, 239 F.3d 793, 799 (6th Cir.2001) (the fundamental tenor of the Rules is one of liberality rather than technicality).  The "notice" pleading standard depends upon the discovery rules and summary judgment practice to define the disputed facts in the case and remove unmeritorious claims; thus, Rule 8 erects a powerful presumption against dismissing pleadings as deficient. Swierkiewicz, 534 U.S. 506 at 512, 514 (2002).

The elements of Plaintiff's interference claim include: (1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part

of the interferer; (3) intentional interference inducing or causing a breach of termination of the relationship or expectancy and (4) resultant damage.  Bennett Enterprises, Inc. v. Domino's Pizza, Inc., 45 F.3d 493, 499 (D.C.Cir.1995), *cert. denied*, 516 U.S. 863 (1995).

With respect to the Interference claim, Defendants argue that Plaintiff has failed in two respects: (1) the failure to adequately allege business expectancies which are commercially reasonable to expect; and (2) the failure to allege a sufficiently aggregious intent on the part of Defendants.  (Mot. To Dismiss at 4-6).

In response, Plaintiff first notes that Defendants have already filed their Answer, responding to Plaintiff's Interference claim with no apparent difficulty.  (*See* Answer, filed 8/15/06).  Thus, Defendants are hard-pressed to contend that they have been unable to formulate a response to the Interference claim, as guaranteed by the "notice" protocol incorporated in the Federal Rules of Civil Procedure  It should also be noted that the cases cited by Defendants relevant to Plaintiff's alleged failures, involve motions challenging the adequacy of proof , rather than pleading - - a critical difference.  (*See* Motion to Dismiss at 4-5, citing  Bennett Enterprises, Inc. v. Domino's Pizza, Inc., 45 F.3d 493 (D.C.Cir.1995) and Genetic Systems Corp. v. Abbott Lab, 691 F.Supp. 407 (D.D.C.1988))

In its Verified Complaint, Plaintiff has alleged that it is involved in the marketing of marine and other products which are manufactured by others.  (Verified Compl. at ¶ 1).  It is only reasonable to infer that Plaintiff could use its contacts and marketing expertise to benefit Defendants' competitors.  Indeed, as alleged in the Verified Complaint, Defendants duped the Plaintiff for the obtainment of valuable government contacts and civilian purchasers which were the result of Plaintiff's efforts  and knowledge of the marketplace.  (Verified Compl. at ¶¶ 13-

15). It is axiomatic that "but for" its devotion to Defendants' interests, Plaintiff would have been free to utilize its efforts and knowledge of the marketplace in pursuit of the interests of Defendants' competitors and other product manufacturers. Defendants were well aware of this fact and acted unlawfully in the unbridled pursuit of their business interests. Whether Plaintiff can <u>prove</u> its allegations is a question best left for another day.

### D.      Note Re Amendment of Complaint

Defendants have answered, so Plaintiff is required to seek leave of court in order to amend its Complaint. (Rule 15 (a), Federal Rules of Civil Procedure). Plaintiff does not seek leave to amend at this time. In the event the Court sees fit to grant Defendants' Motion to Dismiss, in whole or in part, the first two claims of Plaintiff's Verified Complaint will remain before the Court, subject to Plaintiff's right to seek amendment at that time.

### III.      CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied. For the Court's convenience, attached hereto is a proposed Order.

Date: August 28, 2006

                                      Respectfully submitted,

                                      <u>s/ Kenneth A. Lazarus</u>
                                      Kenneth A. Lazarus (D.C. Bar No. 232926)
                                      LAZARUS & ASSOCIATES
                                      Trial Attorney for Plaintiff
                                      1850 M Street, N.W., Suite 400
                                      Washington, D.C. 20036
                                      Telephone: (202) 457-0380
                                      Facsimile: (202) 452-1822
                                      E-mail: Lazaruslaw@aol.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHELSEA TECHNOLOGIES, INC.,** : | |
| : | CASE NO. 1:06CV01414 (RBW) |
| *Plaintiff,* : | |
| : | [JUDGE REGGIE B. WALTON] |
| v. : | |
| : | |
| **CHELSEA TECHNOLOGIES GROUP,** : | **ORDER** |
| **ET AL.,** : | |
| : | |
| *Defendants.* : | |

THIS MATTER having come before the Court upon Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Verified Complaint, an Opposition thereto having been filed and the Court being fully advised in the circumstances, it is hereby:

ORDERED that Defendants' Motion is denied.

Date: _____

_____
JUDGE REGGIE B. WALTON

Copies to: Clerk of Court
           Counsel of record

**Certificate of Service**

    This is to certify that, on this 28th day of August, 2006, Plaintiff has provided a true and correct copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss Counts III and IV of the Verified Complaint, together with the proposed Order attached thereto, by first-class U.S. mail, postage prepaid, and by electronic means, to counsel for Defendants, Allen V. Farber, Esq. at Gardner Carton & Douglas, LLP, 1301 K Street, N.W., Suite 900, East Tower, Washington, D.C. 20005 (E-mail: afarber@gcd.com).

                                              s/ Kenneth A. Lazarus____
                                              Kenneth A. Lazarus