UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Chelsea Technologies, Inc.,** )<br>)<br>   **Plaintiff,** )<br>)<br>v. )<br>)<br>**Chelsea Technologies Group, et al.,** )<br>)<br>   **Defendants.** )<br>_____ ) | Case No. 1:06cv01414<br>Judge: Reggie B. Walton |

### REPLY TO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS III & IV OF PLAINTIFF'S COMPLAINT

Defendants, by and through counsel, submit the following Reply to Plaintiff's Opposition to the Motion to Dismiss. For the reasons discussed herein and in Defendants' Motion to Dismiss, Counts III (Fraud) and Count IV (Intentional Interference with Business Opportunity) should be dismissed.

### ARGUMENT

A. **COUNT III FAILS TO PLEAD FRAUD WITH SPECIFICITY OR TO INCLUDE ALL ELEMENTS OF FRAUD.**

As noted in Defendants' Motion to Dismiss, Plaintiff has failed to adequately plead a claim of fraud under the Rule 12(b)(6) standard or heightened pleading requirement of Rule 9(b).

Plaintiff's Opposition to the Motion to Dismiss ("Opposition") points to nothing that helps its deficient fraud claim. In the Opposition, Plaintiff points to eight particular paragraphs in its Complaint that it claims sufficiently plead the necessary facts for fraud. See Pl.'s Opp. at 3-5. However, the allegations contained in these eight paragraphs are not made with specificity stating the "who, what, when and where" of the alleged fraud or are merely conclusory

allegations which do not suffice to meet the pleading requirements of Rule 12(b)(6) or Rule 9(b). See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); Burman v. Phoenix Worldwide Indus., Inc., 384 F. Supp. 2d 316, 325 (D.D.C. 2005). For example, Plaintiff contends that paragraphs 6, 12 and 13 identify what fraudulent representation was allegedly made, who made the alleged statement and to whom it was allegedly made. See Pl.'s Opp. at 3-4. Those paragraphs say no such thing and, given the most liberal reading, do not give rise to inferences that could be drawn to support Plaintiff's contention.

Paragraph 6 of the Complaint discusses an agreement between certain individuals from Chelsea US and Chelsea UK made in July 2003 but makes no reference whatsoever to the fraudulent statements allegedly made in July 2005 or October 2005, which are at issue in this case. See Compl. at ¶ 6. It is unclear how such an allegation supports Plaintiff's claim for fraudulent misrepresentations allegedly made in 2005. Paragraph 12 states that on July 27, 2005, "representatives of Chelsea US and Chelsea UK" entered into a "tentative agreement." See id. at ¶ 12. However, this paragraph does not identify any particular representatives of either entity, does not mention what any of the representatives said or represented, or to whom any statements were made. See id. Paragraph 13 is also vague. While it does identify particular individuals from Chelsea UK and Chelsea US, it fails to "specify what statements were made and in what context, when they were made, who made them, and the manner in which the statements were misleading." Intex Recreation Corp. v. Team Worldwide Corp., 390 F. Supp. 2d 21, 24 (D.D.C. 2005). Similarly, paragraphs 24 through 26 do not identify the "who, what, when and where" of the alleged fraud. Absent this basic information, Plaintiff's fraud count cannot survive a motion to dismiss.

Plaintiff also fails to adequately allege that Defendants' knew of the falsity of any alleged statement they made and that they made the alleged statement with the intent to defraud. The only paragraph to which Plaintiff cites in support of this contention is paragraph 25. See Pl.'s Opp. at 4. Paragraph 25 contains a mere conclusory allegation that "Chelsea UK . . . entered into the agreement with Chelsea US with fraudulent intent." Compl. at ¶ 25. "While knowledge of defendant's fraud or intent to defraud may be averred generally under Rule 9(b), such allegations of scienter must be supported by facts 'giving rise to a strong inference that the defendant knew the statements to be false and intended to defraud the plaintiff' at the time they were made." United States Fire Ins. Co., v. United Limousine Serv., Inc., 303 F. Supp. 2d 432, 444 (S.D.N.Y. 2004) (quoting Quaknine v. MacFarlane, 897 F.2d 75, 79-80 (2d Cir. 1990)). Plaintiff does not allege any facts which could give rise to a strong inference of knowledge of falsity or intent to defraud.

Finally, Plaintiff fails to sufficiently plead detrimental reliance and resulting damage. Again, paragraphs 25 and 26 contain conclusory allegations that Plaintiff "relied to its detriment on Chelsea UK's representations," and that Chelsea US "has suffered substantial damages." Such conclusory allegations do not satisfy the pleading requirements of Rules 12(b) or 9(b). See Kowal, 16 F.3d at 1276; Burman, 384 F. Supp. 2d at 325; Hite v. Leeds Weld Equity Partners, IV, LP, 429 F. Supp. 2d 110, 115 (D.D.C. 2006) (stating that plaintiff's averment that "plaintiff funds 'have suffered damages" without stating the nature of those damages" is insufficient to satisfy Rule 9(b)).

Accordingly, Count III should be dismissed both for failure to plead fraud with particularity, as required by Rule 9(b), and, under Rule 12(b)(6), for failure to state a claim.

B. **COUNT IV FAILS TO STATE A CLAIM OF INTENTIONAL INTERFERENCE WITH BUSINESS OPPORTUNITY.**

Plaintiff has failed to plead sufficient facts to support its claim of intentional interference with prospective economic advantage.

Plaintiff offers nothing in its Opposition to salvage its intentional interference with prospective economic advantage claim. First, Plaintiff reviews the standards of notice pleading under Rule 8. See Pl.'s Opp. at 6. However, Defendants filed their motion to dismiss under Rule 12(b)(6), and in order "[t]*o survive a motion to dismiss* on this claim, [Plaintiff] must plead '(1) the existence of a valid business relationship or expectancy, (2) knowledge of the relationship or expectancy on the part of the interferer, (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damage.'" Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002) (emphasis added) (internal quotation omitted). Furthermore, as provided in Genetic Systems Corporation v. Abbott Laboratories, 691 F. Supp. 407 (D.D.C. 1988)[1], a "general intent to interfere or knowledge that conduct will injure the plaintiff's business dealings is insufficient to impose liability." Id. at 423. "'Motive or purpose to disrupt ongoing business relationships is of central concern in a tortious interference case.'" Id. (quoting Rickards v. Canine Eye Registration Foundation, Inc., 704 F.2d 1449, 1456 (9th Cir.1983)).

As argued in the Motion to Dismiss, Plaintiff failed to allege at least three of the four required elements of this claim. Plaintiff failed to allege any commercially reasonable business expectancy, how or if Chelsea UK was even aware of the alleged prospective purchasers, and intent by Chelsea UK to disrupt Chelsea US' business. Moreover, Plaintiff has not offered any

---

[1] Contrary to Plaintiff's assertion in the Opposition, the court in Genetic Systems Corp. v. Abbott Lab., 691 F.Supp. 407 (D.D.C. 1988) was evaluating the plaintiff's intentional interference with prospective economic advantage claim under a motion to dismiss, not a motion challenging the adequacy of proof as stated by Plaintiff.

support for its claim in the Opposition. Plaintiff points to paragraphs 13 through 15 to support its intentional interference with prospective economic advantage claim. However, these paragraphs fail to allege any commercially reasonable business expectancy, how or if Chelsea UK was even aware of the alleged prospective purchasers, and intent by Chelsea UK to disrupt Chelsea US' business. Thus, Plaintiff's intentional interference with prospective economic advantage claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Counts III and IV of Plaintiff's Complaint must be dismissed.

Respectfully submitted,

Dated:  August 29, 2006

_____
Allen V. Farber (No. 912865)
James A. Barker, Jr. (No. 410974)
Gardner Carton & Douglas, LLP
1301 K Street, N.W.
Suite 900, East Tower
Washington, D.C. 20005
Telephone:  (202) 230-5000

Counsel for Defendants
Chelsea Technologies Group,
Chelsea Technologies Ltd.,
Chelsea Instruments Ltd.,
Chelsea Environmental Ltd.,
and Marine Acoustics Ltd.